1
2
3
4                          UNITED STATES DISTRICT COURT
5                               DISTRICT OF NEVADA
6                                      * * *
7    JULIO FERNANDEZ GONZALEZ,                    Case No. 2:20-cv-01775-RFB-NJK
8                   Plaintiff,                    **ORDER**
9           v.
10   KATHERIN VALDES-GARCIA, *et al.*
11                  Defendants.
12
13       **I.    INTRODUCTION**
14           Before the Court are four motions: Defendant Katherin Valdes Garcia's First MOTION for
15   Summary Judgment, (ECF No. 86), Intervenor Plaintiff Jorge Hernandez Roque's MOTION to
16   Extend Time (First Request), (ECF No. 88), Defendants ESIS, Inc. and Hertz Corporation's
17   MOTION for Summary Judgment, (ECF No. 99), and Plaintiff Julio Fernandez Gonzalez's
18   Counter MOTION for Summary Judgment, (ECF No. 102).
19           For the foregoing reasons, Defendant Valdes Garcia's First MOTION for Summary
20   Judgment is denied, Intervenor Plaintiff Hernandez Roque's MOTION to Extend Time (First
21   Request) is granted, Defendants ESIS, Inc. and Hertz's MOTION for Summary Judgment is
22   granted, and Plaintiff Fernandez Gonzalez's Counter MOTION for Summary Judgment is denied.
23
24       **II.   PROCEDURAL BACKGROUND**
25           This case arises out of a car accident that happened on November 13, 2018, when Plaintiff
26   Fernandez Gonzalez was driving a car with two passengers, including Intervenor Plaintiff
27   Hernandez Roque. Defendant Valdes Garcia was driving a car she rented from Hertz and her car
28   contacted the rear end of Plaintiff's vehicle. Plaintiff and passengers were injured.

On May 15, 2020, Plaintiff filed a Complaint, naming only Defendant Valdes Garcia, in state court. ECF No. 2. On September 1, 2020, Plaintiff filed a First Amended Complaint ("FAC") in state court, adding Defendants ESIS, Inc. and Hertz. Id. On September 24, 2020, Defendants ESIS and Hertz removed this action from state court. Id.

On October 29, 2020, Intervenor Plaintiff Hernandez Roque filed a Motion to Intervene. ECF No. 22, and the Court granted the motion on August 31, 2021. ECF No. 63.

On October 6, 2021, the Court ordered discovery due by April 28, 2022, and dispositive motions due by May 28, 2022. ECF No. 72.

On May 31, 2022, Defendant Valdes Garcia filed a Motion for Sanctions under Rule 37(c) against Intervenor Plaintiff Hernandez Roque for untimely disclosure. ECF No. 85. Intervenor Plaintiff Hernandez Roque responded on June 14, 2022. ECF No. 87. Defendant Valdes Garcia replied on June 21, 2022. ECF No. 89. On July 12, 2022, the Court denied Defendant Valdes Garcia's Motion for Sanctions. ECF No. 93.

On May 31, 2022, Defendant Valdes Garcia also filed a Motion for Summary Judgment against Intervenor Plaintiff Hernandez Roque's claims. ECF No. 86. Intervenor Plaintiff Hernandez-Roque responded on June 28, 2022. ECF No. 91.[1] Defendant Valdes Garcia replied on July 12, 2022. ECF No. 94.[2]

On July 18, 2022, the Court ordered discovery to conclude by September 30, 2022, and for any dispositive motions to be filed by October 28, 2022. ECF No. 96.

On October 10, 2022, Defendants ESIS, Inc. and Hertz filed the instant Motion for Summary Judgment. ECF No. 99. Plaintiff Fernandez Gonzalez filed a Response on October 28, 2022. ECF No. 101. On November 15, 2022, Defendants ESIS, Inc. and Hertz filed a Reply. ECF No. 104.

On October 28, 2022, Plaintiff Fernandez Gonzalez filed the instant Counter Motion for

---

[1] On June 21, 2022, Intervenor Plaintiff Hernandez Roque filed the instant Motion to Extend Time to file a response to Defendant Valdes-Garcia's Motion for Summary Judgment. ECF No. 88.

[2] On October 11, 2022, counsel for Intervenor Plaintiff Jorge Hernandez Roque filed a Motion to Withdraw as Attorney. ECF No. 100. On November 2, 2022, the Court granted the motion. ECF No. 103. Intervenor Plaintiff Hernandez Roque was ordered to file either a notice of intent to proceed pro se or a notice of appearance by new counsel by November 18, 2022. Id.

1   Summary Judgment. ECF No. 102. Defendants ESIS, Inc. and Hertz filed a Response on

2   November 18, 2022. ECF No. 105. Plaintiff Fernandez Gonzalez filed a Reply on December 2,

3   2022. ECF No. 108.

4           This Order follows.

5

6   **III.    DISCUSSION**

7           The Court first addresses Defendant Valdes Garcia's motion for summary judgment, ECF

8   No. 86, then it addresses Defendant ESIS, Inc. and Hertz and Plaintiff Fernandez Gonzalez's cross

9   motions for summary judgment, ECF Nos. 99, 102.

10                          **a.  Legal Standard**

11          Summary judgment is appropriate when the pleadings, depositions, answers to

12  interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

13  genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

14  Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive

15  law governing a matter determines which facts are material to a case. Anderson v. Liberty Lobby,

16  477 U.S. 242, 248 (1986). When considering the propriety of summary judgment, the court views

17  all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v.

18  City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the

19  nonmoving party "must do more than simply show that there is some metaphysical doubt as to the

20  material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find

21  for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380

22  (2007) (alteration in original) (internal quotation marks omitted).

23          It is improper for the Court to resolve genuine factual disputes or make credibility

24  determinations at the summary judgment stage. Zetwick v. County of Yolo, 850 F.3d 436, 441

25  (9th Cir. 2017) (citations omitted).

26  ///

27  ///

28  ///

### b.  First MOTION for Summary Judgment, ECF No. 86

#### i.  Factual Background

##### 1.  Undisputed Facts

The Court granted Intervenor Plaintiff's Motion to Intervene on August 31, 2021. The Court's October 6, 2021 Scheduling Order imposed the following deadlines: The deadline for Federal Rule of Civil Procedure 26(a)(1) initial disclosures was October 15, 2021. The deadline for Rule 26(a)(2) initial-expert disclosures was February 27, 2022. The deadline for Rule 26(a)(2) rebuttal-expert disclosures was March 29, 2022. Finally, the discovery cutoff date was April 28, 2022.

Intervenor Plaintiff served his expert disclosures on Monday, February 28, 2022. Intervenor Plaintiff served his initial disclosures on March 16, 2022. Intervenor Plaintiff served a supplemental expert disclosure on June 28, 2022.

##### 2.  Disputed Facts

The parties dispute the following facts: whether the February 28, 2022 expert disclosures were timely; whether the March 16, 2022 initial disclosures were timely; and whether the June 28, 2022 supplemental expert disclosure were timely and sufficient.

#### ii.  Analysis

Defendant Valdes Garcia's Motion for Summary Judgment contends that Intervenor Plaintiff's failure to timely disclose has prejudiced Defendant Valdes Garcia's ability to defend against Intervenor Plaintiff's negligence claim against her. Intervenor Plaintiff provides the following responses. On the issue of the expert disclosures, Defendant alleges that Intervenor Plaintiff submitted his expert disclosures late; however, February 27, 2022, fell on a Sunday, and by rule, the due date became February 28, 2022. On the issue of the initial disclosures, because of change in counsel in December 2021, Intervenor Plaintiff's counsel believed that initial disclosures had already been served by prior counsel. Defendant Valdes Garcia's counsel did not reach out to meet and confer about the unserved and or missing initial disclosures.

##### 1.  The Motion for Sanctions

Defendant Valdes Garcia's Motion for Summary Judgment is premised on similar facts

and arguments as her Motion for Sanctions, which also concerns Intervenor Plaintiff's failure to timely serve both his initial and expert disclosures on Defendant Valdes Garcia. In fact, according to the Motion for Summary Judgment, if the Court were to grant Defendant Valdes Garcia's Motion for Sanctions, brought pursuant to Federal Rule of Civil Procedure Rule 37(c), and excluded Intervenor Plaintiff's untimely witnesses and documents, the Court should grant summary judgment against Intervenor Plaintiff's negligence claim. This is because without this evidence, Intervenor Plaintiff does not have a basis to prove causation as to his injuries sustained in the car accident and, in turn, would not have evidence to prove any damages caused by the accident.

On July 12, 2022, Magistrate Judge Nancy J. Koppe declined to grant Defendant Valdes-Garcia's Motion for Sanctions. ECF No. 93. The Magistrate Judge found that Intervenor Plaintiff indeed failed to timely serve his initial disclosures, but not his expert disclosures. The Magistrate Judge concluded, however, that Intervenor Plaintiff's untimely disclosures were harmless and that any exclusion was unwarranted. After denying Defendant Valdes Garcia's Motion for Sanctions against Intervenor Plaintiff for his failure to disclose expert witnesses without prejudice, as it was inadequately briefed, the Magistrate Judge allowed Defendant Valdes Garcia to refile a renewed request by July 25, 2022. Defendant Valdes Garcia did not file a renewed motion.

That same day, Defendant Valdes Garcia's Reply acknowledged the Magistrate Judge's Order, and stated she was assessing how and whether she would respond to that the Order, including whether to bring a motion to reconsider under Local "Rule IB 3-1 and/or a renewed motion regarding Intervenor's expert disclosures . . . . Should either or both of those motions, if brought, be decided in Defendant's favor, Defendant ask[ed] that the Court consider the outcome of those motions and the substantive arguments therein regarding harmlessness and prejudice when ruling on the Motion for Summary Judgment." Defendant Valdes Garcia filed neither.

## 2. The Merits

In federal court, litigants must disclose to the opposing party the likely location of discoverable information, documents supporting the litigants' claims or defenses, a computation of damages, and copies of insurance information without awaiting a discovery request. Fed. R.

Civ. P. 26(a)(1)(A)(i)–(iv). Rule 37(c)(1) "gives teeth" to the disclosure requirements of Rule 26 "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) or (e) that is not properly disclosed." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).[3]

"Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." Id. Absent a showing by the party facing sanction that either of the two exceptions apply, Rule 37 is "a strong inducement for disclosure of material." Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008) (quoting Yeti, 259 F.3d at 1106). Where a "sanction amount[s] to a dismissal of a claim, [a] district court [is] required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith . . . and also to consider the availability of lesser sanctions" as part of the harmlessness inquiry required under Rule 37(c)(1). R&R Sails, Inc. v. Ins. Co. of Pa., 673 F.3d 1240, 1247 n.1 (9th Cir. 2012). "Even under R&R Sails, it is within the discretion of the district court whether to grant summary judgment in favor of a defendant when: (1) the plaintiff has failed to comply with Rule 26; (2) the Rule 37 sanction precludes the plaintiff from proving an essential element of its claim; and (3) the court has made the requisite findings of harm and lack of justification." Universal Sec. & Fire, Inc. v. Alpha Alarm & Audio, Inc., No. 17-CV-00844, 2021 WL 5826436, at *4 (E.D. Cal. Dec. 8, 2021) (citing Merch. v. Corizon Health, Inc., 993 F.3d 733, 741-42 (9th Cir. 2021).

The Court finds that Intervenor Plaintiff Hernandez Roque timely served his expert disclosures,[4] although he did not timely serve his initial disclosures. Accordingly, the questions are now whether Intervenor Plaintiff's failure to timely serve his initial disclosures and whether his supplemental expert discovery both warrant prohibiting him from using the information or witnesses provided by those disclosures to prove his negligence claim against Defendant Valdes

---

[3] The Court notes that the Ninth Circuit has clarified that Rule 37(c) does not contain a meet-and-confer requirement. Hoffman v. Construction Protective Services, Inc., 541 F.3d 1175, 1179 (9th Cir. 2008). Further, motions for sanctions are not "motions relating to discovery." Id.

[4] Even though initial expert disclosures were due February 27, 2022, that date undisputedly fell on a Sunday, and therefore pursuant to Federal Rule of Civil Procedure 6(a)(2)(C), Intervenor Plaintiff's February 28, 2022 initial expert disclosure was timely.

Garcia.

The Court concludes that they do not. As the Magistrate Judge concluded, Defendant Valdes Garcia does not dispute that she already had access to the information that was untimely disclosed. Separately, even if the supplemental expert discovery was insufficient to supplement the initial February 28, 2022 disclosures, Defendant Valdes Garcia does not explain what made them insufficient. Further, while Defendant Valdes Garcia is not required to meet and confer about the Rule 37(c) sanctions, nothing in the record suggests that she attempted to communicate with Intervenor Plaintiff, before or after the October 2021 deadline, including any time before filing her instant Motion for Summary Judgment, regarding his initial disclosures. Finally, after this motion was filed, the discovery deadline was extended to September 30, 2022. Therefore, Defendant Valdes Garcia was given more time to engage in discovery.

Accordingly, the Court denies Defendant Valdes Garcia's Motion for Summary Judgment against Intervenor Plaintiff's claims.

### c. Defendant ESIS, Inc. and Hertz's MOTION for Summary Judgment, ECF No. 99, and Plaintiff Fernandez Gonzalez's Counter MOTION for Summary Judgment, ECF No. 102

Plaintiff's FAC alleges, as the Third Cause of Action, one breach of contract claim against Defendants ESIS, Inc. and Hertz. Specifically, the FAC alleges that Defendants ESIS, Inc. and Hertz materially breached their obligations under the Settlement Agreement by refusing to pay the $640,000 settlement amount they agreed to pay under the agreement.

On September 20, 2022, the Court ordered Defendants ESIS, Inc. and Hertz to file a Motion for Summary Judgment on October 11, 2022 on the issue of the bankruptcy court proceeding and the Court's jurisdiction to decide Plaintiff Fernandez Gonzalez's Third Cause of Action in his operative complaint. While the Court's September 20, 2022 Order directed Defendants ESIS, Inc. and Hertz to file a motion for summary judgment by October 11, 2022, the dispositive motion deadline was separately set for October 28, 2022. Accordingly, Plaintiff Fernandez Gonzalez filed his own motion for summary judgment.

For the reasons stated below, the Court grants Defendants ESIS, Inc. and Hertz's motion

without prejudice and denies Plaintiff's counter motion without prejudice.

### i.  Factual Background

#### 1.  Undisputed Facts

In November 2018, Plaintiff was injured in a car accident by Defendant Valdes-Garcia who caused the accident and was driving a car with an insurance policy purchased from Hertz. On May 22, 2020, Hertz filed for Chapter 11 Bankruptcy. On May 27, 2020, the Bankruptcy Court issued an Automatic Stay Order. On May 29, 2020, Counsel for ESIS, Inc. and Hertz sent an e-mail to Plaintiff's counsel and counsel for Diaz and Intervenor Plaintiff Hernandez Roque to advise them that Hertz was tendering the $1 million in policy limits to the 3 claimants: Plaintiff Fernandez Gonzalez, Mr. Diaz, and Intervenor Plaintiff Hernandez Roque ("Settlement Agreement").   On June 25, 2020, the Bankruptcy Court entered an exemption insurance claims from stay. 20-11218-MFW (Del. Bankruptcy Ct.), ECF No. 584.

On August 3, 2020, Plaintiff's counsel advised Defendants' counsel regarding distribution. On August 13, 2020, Defendants' counsel sent a Settlement and Release Agreement to Plaintiff's counsel, and Plaintiff executed the Settlement Agreement on August 14, 2020. On September 1, 2020, Plaintiff filed the FAC in Eighth Judicial District Court. ECF No. 2. On September 24, 2020, Defendants ESIS & Hertz removed the action to federal court. ECF No. 2.

On June 10, 2021, the Bankruptcy Court entered a Plan ("Plan") and Confirmation Order ("Confirmation Order"). ECF No. 66 at 9. On June 30, 2021, the Bankruptcy Court's Automatic Stay Order was terminated, after Hertz's Chapter 11 Bankruptcy Plan went into effect. See ECF No. 99 at 2. According to the Bankruptcy Court's Confirmation Order:

> 15. For the avoidance of doubt, pursuant to Bankruptcy Rule 3020(c)(1), the following provisions in the Plan are hereby approved and will be effective immediately on the Effective Date without further order or action by the Court, any of the parties to such release, or any other Entity: (a) Discharge of Claims and termination of Interests (Article VIII.B); (b) Debtor Releases (Article VIII.C); (c) Third-Party Releases (Article VIII.D); (d) Exculpation (Article VIII.E); (e) Injunction (Article VIII.F); and (f) Lien Release (Article VII.H).
> . . .
> 79. This Court shall retain jurisdiction with respect to all matters

arising from or related to the implementation of this Confirmation Order and all matters arising in and under, and related to, these Chapter 11 Cases, as set forth in Article XI of the Plan, or pursuant to section 1142 of the Bankruptcy Code.

ECF No. 99.

Pursuant to Defendant Hertz's Chapter 11 Bankruptcy Plan's (attached as "Exhibit A" to the Confirmation Order) Article V.F. <u>Contracts and Leases Entered into After the Petition Date</u>:[5]

Contracts and leases entered into after the Petition Date by the Debtors, including any Executory Contracts and Unexpired Leases assumed by the Debtors, and not assigned to a non-Debtor Entity, will be performed by the Debtors or the Reorganized Debtors in the ordinary course of its operations. Accordingly, such contracts and leases (including any assumed Executory Contract and Unexpired Leases) shall survive and remain unaffected by entry of the Confirmation Order.

<u>Id.</u> Second, Article VIII.B. <u>Discharge of Claims and Termination of Interests</u> states:

Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in a contract, instrument, or other agreement or document executed pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims (including any Intercompany Claims resolved or compromised after the Effective Date by the Reorganized Debtors), Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and interests in, the Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, any Claims for withdrawal liability that relate to services performed by employees of the Debtors before the Effective Date or that arise from a termination of employment, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (i) a Proof of Claim based upon such debt or right is Filed or

---

[5] The Petition Date is May 22, 2020.

deemed Filed pursuant to section 501 of the Bankruptcy Code; (ii) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (iii) the Holder of such a Claim or Interest has voted to accept the Plan. Any default or "event of default" by the Debtors or Affiliates with respect to any Claim or Interest that existed immediately before or on account of the Filing of the Chapter 11 Cases shall be deemed cured (and no longer continuing) as of the Effective Date with respect to a Claim that is Unimpaired by the Plan so long as such cure does not cause such Claim to be Impaired. The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the Effective Date occurring.

Id. Third, Article VIII.E. Exculpation provides:

Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Cause of Action for any claim related to any act or omission from the Petition Date to the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Cases, in whole or in part, the Debtors, DIP Financing, Equity Commitment, Interim Fleet Financing Facility, DFLF Facility, Canada Fleet Financing Facility, HVF II Facility, Donlen Sale, HHN Restructuring, HIL Facility, the Donlen Canada Securitization Facility, the Australian Securitization Facility, the Lombard Vehicle Financing Facility, the formulation, preparation, dissemination, negotiation, of the Plan, the Disclosure Statement, the Plan Support Agreement, the Equity Commitment Documents, any Definitive Document, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the Disclosure Statement, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan, or any other related agreement, except for Claims or Causes of Action arising from an act or omission that is judicially determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects, such Exculpated Parties shall be entitled to the fullest extent permitted by law to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. The Exculpated Parties have, and upon Consummation of the Plan, shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or

regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

ECF No. 99. Fourth, Article VIII.F. <u>Injunction</u> provides:

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR DISTRIBUTIONS REQUIRED TO BE PAID OR DELIVERED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE (1) BEEN RELEASED PURSUANT TO ARTICLE VIII.C OR ARTICLE VIII.D, (2) SHALL BE DISCHARGED PURSUANT TO ARTICLE VIII.B OF THE PLAN, OR (3) ARE SUBJECT TO EXCULPATION PURSUANT TO ARTICLE VIII.E, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE RELEASED PARTIES, OR THE EXCULPATED PARTIES (TO THE EXTENT OF THE EXCULPATION PROVIDED PURSUANT TO ARTICLE VIII.E WITH RESPECT TO THE EXCULPATED PARTIES): (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (IV) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH ENTITY HAS TIMELY ASSERTED SUCH SETOFF RIGHT IN A DOCUMENT FILED WITH THE BANKRUPTCY COURT IN ACCORDANCE WITH THETERMS OF THIS PLAN EXPLICITLY PRESERVING SUCH SETOFF, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH ENTITY ASSERTS, HAS, OR INTENDS TO PRESERVE ANY

RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (V) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.

Id. Finally, Article XI. <u>RETENTION OF JURISDICTION</u> states:

> Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall (other than, in the case of disputes related to Reinstated Claims based on events, conduct, or Claims arising after the Effective Date, to the extent necessary to render such Claims Unimpaired) retain jurisdiction over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan, including jurisdiction to:
>
> . . .
>
> 3. resolve any matters related to (i) the assumption, assumption and assignment or rejection of any Executory Contract or Unexpired Lease to which a Debtor is a party or with respect to which a Debtor may be liable in any manner and to hear, determine, and, if necessary, liquidate, any Claims arising therefrom, including Claims related to the rejection of an Executory Contract or Unexpired Lease, Cure Claims, or any other matter related to such Executory Contract or Unexpired Lease; (ii) the Reorganized Debtors amending, modifying, or supplementing, after the Confirmation Date, the schedule of Executory Contracts and Unexpired Leases to be assumed or rejected pursuant to Article V; and (iii) any dispute regarding whether a contract or lease is or was executory or unexpired;
>
> 4. adjudicate controversies, if any, with respect to distributions to Holders of Allowed Claims;
>
> 5. adjudicate, decide, or resolve any motions, adversary proceedings, contested, or litigated matters, and any other matters, and grant or deny any applications involving a Debtor that may be pending on the Effective Date;
>
> 6. adjudicate, decide, or resolve any and all matters related to Causes of Action;
>
> 7. adjudicate, decide, or resolve any and all matters related to section 1141 of the Bankruptcy Code

<u>Id.</u>

## 2. Disputed Facts

The parties dispute the following facts: whether Hertz withdrew its Settlement Agreement offer on August 21, 2020; whether ESIS, Inc. is a party to the Confirmation Order and Plan;

whether the Plan's "Article V.F. Contracts and Leases Entered into After the Petition Date" applies to the Settlement Agreement; and whether the bankruptcy proceedings discharged the Settlement Agreement.

### ii. Analysis

The Court grants Defendants' Motion for Summary Judgment.

Defendants argue that the claims against defendants have been discharged pursuant to the Bankruptcy Code and Confirmation Order. Further, the Confirmation Order at paragraph 15 and Articles VIII.B, VIII.F of the Plan enjoin Plaintiffs from litigating claims against ESIS, Inc. and Hertz in this Court. Furthermore, the bankruptcy court retained jurisdiction to construe and enforce the injunction contained in the Plan and Confirmation Order. See Travelers Indem. Co. v. Bailey, 557 U.S. 137, 151 (2009). Thus, any challenge to the Plan must instead be raised in the bankruptcy proceeding.

Plaintiff argues the following. First, the Confirmation has no impact on the Court's jurisdiction over Plaintiff's claims against ESIS, Inc. because ESIS, Inc. was not a party to the subject bankruptcy during the relevant period. Second, "Article V.F. Contracts and Leases Entered into After the Petition Date" of the Plan operates as an exception that applies to both Article VIII.B and Article VIII.F because the Settlement Agreement was entered into between the parties eighty four days after the May 22, 2020 Petition Date, on August 14, 2022. Accordingly, there is no dispute for the bankruptcy court to resolve. Finally, Plaintiff is entitled to summary judgment on his breach of contract claim against ESIS, Inc. and Hertz because: (1) Gonzalez and Hertz and ESIS (through their attorneys) entered into the August 14, 2020 Settlement Agreement, requiring Gonzalez to release his personal injury claim against Hertz and ESIS in exchange for consideration in the amount of $640,000.00; (2) Hertz and ESIS breached the Settlement Agreement by refusing to pay Gonzalez the $640,000; and (3) the breach damaged Gonzalez in the amount of $640,000.

Defendants respond with the following. As ESIS, Inc. is alleged to have acted in concert with Hertz, the Confirmation Order applies to it given that the instant dispute arises from and relates to the Plan. Next, there is no valid contract as Hertz, as the reorganized debtor in the Plan, was not a party to or signed the alleged Settlement Agreement. Finally, even if Hertz did attempt

- 13 -

to enter a Settlement Agreement during the pendency of the Bankruptcy Proceeding, Bankruptcy Court approval would have been needed for such an agreement under section 363(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019. <u>Northview Motors, Inc. v. Chrysler Motors Corp.</u>, 186 F.3d 346, 350 (3d Cir. 1999). Here, neither of the parties to the alleged Settlement Agreement sought or got such approval.

"[I]t is well recognized that a bankruptcy court has the power to interpret and enforce its own orders." <u>In re Wilshire Courtyard</u>, 729 F.3d 1279, 1289 (9th Cir. 2013). Where there is a "close nexus" between the bankruptcy proceeding and post-confirmation litigation, such that the claims regarding post-confirmation conduct "would likely require interpretation of the [confirmed plan]" or would "affect the implementation of [an] as-yet-unconsummated plan," the bankruptcy court retains "related to" jurisdiction over allegations of such conduct. <u>Id.</u> at 1287 (citation and quotation marks omitted). The "close nexus" test is therefore satisfied when a civil proceeding is based upon conduct that "affect[s] the interpretation, implementation, consummation, execution, or administration of [a] confirmed plan." <u>Id.</u> at 1288 (citation omitted).

The bankruptcy court has "related to" jurisdiction in the first instance over the underlying facts regarding the breach of contract claim, as the claim depends upon the interpretation of the bankruptcy court's order on the confirmed Plan. <u>See id.</u> at 1290 ("Interpretation of the Plan and Confirmation Order is the only way for a court to determine the essential character of the negotiated Plan transactions in a way that reflects the deal the parties struck in chapter 11 proceedings. Under [prior Supreme Court case law], this is reason enough for the bankruptcy court to exercise jurisdiction in this case." (citations omitted)).

The Court finds that the bankruptcy court has "related to" jurisdiction in the first instance over the underlying facts regarding the breach of contract claim, as the claim depends upon the interpretation of the bankruptcy court's order on the confirmed Plan. The parties dispute whether the Confirmation Order and the Plan provide this Court with jurisdiction to decide Plaintiff and Intervenor Plaintiff's breach of contract claim against Defendants ESIS, Inc. and Hertz. They dispute, specifically, the effect of "Article V.F. <u>Contracts and Leases Entered into After the Petition Date</u> of the Plan on both Article VIII.B and Article VIII.F of the Plan, including whether

Article V.F. is an exception that applies or divests the Bankruptcy Court's jurisdiction of interpreting or enforcing, or both, the Settlement Agreement. Additionally, the parties dispute whether ESIS, Inc. and Hertz even entered the Settlement Agreement or rescinded their offer and the effect this would have on this Court's jurisdiction to decide the breach of contract claim. Further, there is a dispute as to whether ESIS, Inc. is even subject to the Confirmation Order and the Plan. Accordingly, the Court finds that the bankruptcy court, rather than this Court, is the proper court to enter an order addressing these disputes.

Therefore, the Court dismisses Plaintiff Fernandez Gonzalez's Third Cause of Action against Defendants ESIS, Inc. and Hertz without prejudice and grants Plaintiff leave to refile this claim if the bankruptcy court concludes that this Court has jurisdiction to decide this claim.

## IV.    CONCLUSION

**IT IS ORDERED** that Defendant Katherin Valdes Garcia's First MOTION for Summary Judgment (ECF No. 86) is DENIED.

**IT IS FURTHER ORDERED** Intervenor Plaintiff Jorge Hernandez Roque's MOTION to Extend Time (First Request) (ECF No. 88) is GRANTED nunc pro tunc.

**IT IS FURTHER ORDERED** that Defendants ESIS, Inc. and Hertz Corporation's MOTION for Summary Judgment, (ECF No. 99) is GRANTED without prejudice. Specifically, the Court grants Defendants summary judgment as to Plaintiff Julio Fernandez Gonzalez's Third Cause of Action for breach of contract without prejudice. The Court grants Plaintiff leave to refile the claim against Defendant Hertz and ESIS, Inc., if the bankruptcy court concludes that this Court has jurisdiction to decide this claim.

**IT IS FURTHER ORDERED** that Plaintiff Julio Fernandez Gonzalez's Counter MOTION for Summary Judgment, (ECF No. 102) is DENIED without prejudice.

**DATED:** March 14, 2023

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**