UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIO FERNANDEZ-GONZALEZ,<br>    Plaintiff(s),<br>v.<br>KATHERIN VALDES-GARCIA, et al.,<br>    Defendant(s). | Case No. 2:20-cv-01775-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 113] |

Pending before the Court is Plaintiff's motion for leave to amend the first amended complaint. Docket No. 113. Defendants ESIS, Inc. and Katherin Valdes-Garcia filed responses in opposition. Docket Nos. 114, 115. Plaintiff filed replies. Docket Nos. 116, 117. The Court does not require a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for leave to amend is **GRANTED** in part and **DENIED** in part.[1]

**I.  BACKGROUND**

This case arises from a motor vehicle accident that occurred on November 13, 2018. Docket No. 2 at 10. Plaintiff initiated this action in the Eighth Judicial District Court in Clark County, Nevada, and named Valdes-Garcia, ESIS, Inc., and Hertz Corporation as Defendants. *See id.* at 9. In his first amended complaint, Plaintiff raised a cause of action, in pertinent part, for breach of contract against Defendants ESIS, Inc and Hertz. *Id.* at 15. Defendant Valdes-Garcia was not named as a defendant for the breach of contract claim. *Id.* Defendants ESIS, Inc. and Hertz subsequently removed the case to this Court. *See* Docket No. 2.

---

[1] It is within a magistrate judge's authority to grant leave to amend. *Underwood v. O'Reilly Auto Enterps., LLC*, 342 F.R.D. 338, 342 n.2 (D. Nev. 2022).

1

While this case was pending with the Court, Defendant Hertz filed a bankruptcy action in the United States Bankruptcy Court, District of Delaware. Docket No. 9. Defendant Hertz responded to Plaintiff's complaint and filed a notice of stay based on the automatic stay order issued by the bankruptcy court. *Id*. The Court subsequently ordered Defendants ESIS, Inc. and Hertz to file a motion for summary judgment as it related to the bankruptcy proceedings, the automatic stay order issued by the bankruptcy court, and the Court's jurisdiction to decide Plaintiff's breach of contract claim. Docket No. 98.

At the close of the discovery period, Defendants filed motions for summary judgment. Docket Nos. 86, 99. The Court granted Defendants ESIS, Inc. and Hertz's motion and found that the bankruptcy court has "related to" jurisdiction over Plaintiff's breach of contract claim. Docket No. 111 at 14. The Court further found various disputes existed that were proper for the bankruptcy court, rather than this Court, to address. *Id*. at 15. However, the Court granted Plaintiff leave to refile his breach of contract claim if the bankruptcy court found that this Court has jurisdiction to decide the claim. *Id*.

On August 3, 2023, the bankruptcy court issued an order that determined that the bankruptcy proceeding does not affect or impact Plaintiff's ability to assert any claims that he may have solely against Defendant ESIS, Inc. in a court outside the bankruptcy court. Docket No. 113-3 at 3. Accordingly, Plaintiff filed the instant motion for leave to amend the first amended complaint. Docket No. 113. Plaintiff's proposed second amended complaint re-adds the breach of contract claim against Defendant ESIS, Inc. and adds Defendant Valdes-Garcia to the claim. Docket No. 113-4 at 7.

**II.    STANDARDS**

When a party moves to amend the pleadings or add parties after the expiration of the deadline established in the scheduling order, courts first treat the motion as seeking to amend the scheduling order. Such a request implicates the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608

2

(9th Cir. 1992).[2] "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609.  In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*  Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Id.*  "If that party was not diligent, the inquiry should end."  *Id.*  The party seeking amendment bears the burden of establishing diligence.  *See Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019).

A motion for leave to amend or add parties filed after the expiration of the corresponding deadline also requires a showing of excusable neglect.  *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-3.  The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  *Branch Banking*, 871 F.3d at 765.  The party seeking amendment bears the burden of establishing excusable neglect.  *See id.* (affirming finding of no excusable neglect based upon the movant's failure to provide a sufficient showing).

---

[2] Although the Ninth Circuit has expressed the need for leniency with respect to deadlines in other contexts, it has been "protective of this particular rule, as it deems Rule 16 to be an essential tool in controlling heavy trial court dockets." *Williams v. James River Grp. Inc.*, F. Supp. 3d, 2022 WL 4181415, at *2 n.3 (D. Nev. Sept. 13, 2022) (quoting *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273-LJO-BAM, 2013 WL 645741, at *4 (E.D. Cal. Feb. 21, 2013)); *see also Martinez-Sanchez v. Anthony Vineyards, Inc.*, No. 1:19-cv-01404-DAD-JLT, 2021 WL 1696274, at *6 (E.D. Cal. Apr. 29, 2021).  Decades of Ninth Circuit precedent reflect that case management deadlines established in the scheduling order must be taken seriously. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one"); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases.  Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines"); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) ("We have held that Federal Rule of Civil Procedure 16 is to be taken seriously"); *Johnson*, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.  The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case.  Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier" (internal citation and quotations omitted)).

When the movant has established a sufficient basis for obtaining relief from the deadline to amend pursuant to Rule 16(b), courts then examine whether amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Not all of these factors carry equal weight and prejudice is the "touchstone." *Id.* Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* The party opposing the amendment bears the burden of showing why leave should not be permitted under Rule 15(a). *Underwood*, 342 F.R.D. at 343.

### III. ANALYSIS

**A. Amending the complaint as to Defendant ESIS, Inc.**

Defendant ESIS, Inc. asks the Court to deny Plaintiff's motion for leave to amend because, it submits, the motion is improper and amendment would be futile. *See, e.g.*, Docket No. 115 at 4-5.

The Court finds that Defendant ESIS, Inc. has not met its burden of showing that the amendment should be disallowed. Defendant ESIS, Inc. first argues that the motion for leave to amend is not the proper vehicle to re-plead claims. The caselaw Defendant ESIS, Inc. cites, however, are inapposite to the issues at bar. *See Detrex Corp. v. Amcast Indus. Corp.*, 897 F.Supp. 386 (N.D. Ind. 1995) (denying motion for leave to amend because counterclaims were barred by res judicata); *Borenstein v. Animal Found.*, 2023 WL 4077163 (D. Nev. June 20, 2023) (denying motion for leave to amend because claims were previously dismissed with prejudice). Moreover, the Court has already granted Plaintiff leave to refile the amended complaint in its previous order if the bankruptcy court determines that this Court has jurisdiction to decide the breach of contract

claim. *See* Docket No. 111; Docket No. 113-3 at 3; *see also* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with . . . the court's leave"). The Court is thus unpersuaded by the assertion that Plaintiff's motion for leave to amend is improper.

Defendant ESIS, Inc. also argues that the amendment would be futile. *See* Docket No. 27 at 6-10. Although futility can be a ground to deny leave to amend, *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015), courts do not generally deny leave to amend on that ground, *Underwood*, 342 F.R.D. at 346-47. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss, a motion for summary judgment, or similar motion practice. *See, e.g., in re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008). The Court has not been given sufficient reason to chart a different course in this case, so it is not persuaded by Defendant ESIS, Inc.'s argument that leave to amend should be rejected on futility grounds.

Accordingly, Plaintiff's motion is **GRANTED** as to ESIS, Inc.

**B. Adding Defendant Valdes-Garcia to the breach of contract claim**

The Court finds that Plaintiff fails to justify amending the scheduling order and first amended complaint as to adding Defendant Valdes-Garcia to the breach of contract claim. Plaintiff brings the instant motion more than 20 months after the expiration of the deadline to amend the pleadings or add parties. *See* Docket No. 72. Yet, Plaintiff makes no effort to establish diligence or provide any reason why the deadline could not reasonably be met. *See* Docket No. 113. Plaintiff also fails to establish excusable neglect in amending the complaint to add Defendant Valdes-Garcia to the breach of contract claim prior to the deadline. *Id*. Thus, Plaintiff has not met his burden in establishing good cause to amend the scheduling order or excusable neglect to amend the complaint.

Accordingly, Plaintiff's motion is **DENIED** to the extent that he seeks to add Defendant Valdes-Garcia to the breach of contract claim.

### IV. CONCLUSION

Accordingly, the motion for leave to amend is **GRANTED** in part and **DENIED** in part. Plaintiff must promptly file and serve the proposed second amended complaint consistent with this order. *See* Local Rule 15-1(b).

IT IS SO ORDERED.

Dated: September 18, 2023

_____
Nancy J. Koppe
United States Magistrate Judge