JESSE SBAIH & ASSOCIATES, LTD.
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel   (702) 896-2529
Fax   (702) 896-0529
jsbaih@sbaihlaw.com
iolevic@sbaihlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIO FERNANDEZ-GONZALEZ,<br><br>Plaintiff,<br>vs.<br><br>KATHERIN VALDES-GARCIA; ESIS, INC.; and ; DOES I – V and ROES VI – X, inclusive;<br><br>Defendants. | Case No.:  2:20-cv-01775-RFB-NJK<br><br>**SECOND AMENDED COMPLAINT**<br><br>&<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Julio Fernandez-Gonzalez ("Mr. Gonzalez" or "Plaintiff"), by and through his attorneys of record, Jesse Sbaih & Associates, Ltd., and hereby complains, avers and alleges as follows:

I.

**IDENTIFICATION OF THE PARTIES**

1. At all times relevant herein, Plaintiff was a resident of the County of Clark, State of Nevada.

2. Based on information and belief, at all times relevant hereto, Defendant Katherin Valdes Garcia ("Ms. Garcia" or "Defendant") was a resident of the County of Collier, State of Florida.

3. Based on information and belief, at all times relevant hereto, Defendant ESIS, Inc. ("ESIS") is a foreign corporation authorized to conduct business in the County of Clark, State of Nevada.

4. That true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does I through V and Roes VI through X, inclusive, who are in some manner responsible for the injuries described herein, are unknown to Plaintiff at this time who therefore sue said Defendants by such fictitious names and will seek leave of the Court to amend this Complaint to show their true names and capacities when ascertained.

## II.

## SPECIFIC ALLEGATIONS

5. Plaintiff repeats and realleges all the allegations contained in Paragraphs 1 through 4 of this Complaint as though fully set forth herein.

6. On or about November 13, 2018, Mr. Gonzalez was driving a 2016 Nissan Sentra, and he stopped at a red signal southbound on Rainbow Boulevard in the left lane of three (3) lanes just North of Charleston Boulevard, in Las Vegas, Nevada.

7. Ms. Garcia was driving a 2017 Dodge Grand Caravan (the "Vehicle"), and following too closely, when all of a sudden, she struck the rear of Mr. Gonzalez's vehicle, which caused Mr. Gonzalez to suffer severe and permanent injuries.

8. Based on information and belief, Hertz, Inc. owned the Vehicle driven by Ms. Garcia.

9. Based on information and belief, at the time of the subject incident, the Vehicle was insured under a "fronting" policy of insurance issued by Chubb Indemnity Insurance Company and/or Ace American Insurance Company, which covered "those persons renting an Automobile" from Hertz (the "Insurance Policy").

10. The Insurance Policy provided liability limits in the amount of $1,000,000.00.

11. On or about June 21, 2019, Mr. Gonzalez submitted a Time Limited Demand for Policy Limits to Defendant ESIS, a third-party claims administrator for Hertz.

12. On May 15, 2020, Mr. Gonzalez (who suffered severe and permanent injuries as result of the November 13, 2018 incident, which required, among other things, for Mr. Gonzalez to undergo a

cervical spine fusion surgery and incur nearly $350,000.00 in medical bills) filed the above-captioned matter against Ms. Garcia.

13.     On August 13, 2020, at the direction of the law firm of Morales Fierro Reeves (attorneys for Hertz and ESIS), the law firm of Resnick & Louis drafted and sent a Settlement and Release Agreement (the "Settlement Agreement") to Mr. Gonzalez's counsel for his approval "as to form and content" and for Mr. Gonzalez's execution before a notary.

14.     On August 14, 2020, Mr. Gonzalez executed the Settlement Agreement and his counsel approved the Settlement Agreement "as to form and content."  A true and accurate copy of the fully executed Settlement Agreement is attached hereto as ***Exhibit 1***.

15.     Under the Settlement Agreement, Hertz, ESIS, and Mr. Gonzalez agreed to the following:

> ***FOR AND IN CONSIDERATION OF the sum of SIX HUNDRED AND FORTY THOUSAND DOLLARS, $640,000.00***, payable to JULIO FERNANDEZ-GONZALEZ (Claimant or Undersigned) and his respective counsel Jesse M. Sbaih, Esq., of JESSE SBAIH & ASSOCIATES, LTD. ***do hereby fully release, acquit and forever discharge Hertz, ESIS and Kathrin Valdes-Garcia and all of their agents, administrators, and all other persons, firms, corporations, associations or partnerships connected therewith, (hereinafter referred to as "Releasees") from all known and unknown claims, actions, causes of action and suits for damages, at law and in equity, filed or otherwise, including personal injuries***, property damage, loss of compensation or earning capacity, profits, interest and use, services, society, contribution and support, which the undersigned now has or may hereafter acquire, by reason of any loss of, or damage to, any property or property right or rights, ***or past, present or future injuries to Plaintiff as a result of an accident or incident that occurred on or about November 13, 2018***.

*Id.* (emphasis added).

16.     Moreover, in the Settlement Agreement, Hertz, ESIS, and Mr. Gonzalez agreed to the following:

> **IT IS ALSO UNDERSTOOD AND AGREED, AND MADE A PART HEREOF:**
>
> That the amount of $640,000.00 to the undersign and his attorney is not, nor is it to be construed as, an admission of liability on the part of any

> Releasee **but is a full and complete settlement, accord and satisfaction and discharge of Releasees from any and all liability for all past, present, and future liability, loss, damages, claims, actions, causes of action and suits arising out of the aforesaid incident on November 13, 2018, which are each and all uncertain, doubtful and disputed**. This Release extends and applies to and also covers and includes all unknown, unforeseen, unanticipated and unsuspected injuries, damages, loss and liability, and the consequences thereof, as well as those not disclosed and known to exist.
>
> ***It is further understood and agreed between the Releasees and the undersigned that this settlement is the compromise of a doubtful and disputed claim and the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said Releasees deny liability therefore and intend merely to avoid litigation and buy their peace***.

*Id.* (emphasis added).

17. Finally, in the fully integrated Settlement Agreement, Hertz, ESIS, and Mr. Gonzalez agreed to the following:

> ***This Release is the entire, complete, sole, and the only agreement by and between the undersigned and Releasees pertaining to and concerning the subject matter and things expressed herein, and there are no independent, collateral, different, additional or other understandings or agreements, oral or written or obligations to be performed, things to be done, or payments to be made. Furthermore, no promise, inducement or consideration other than the issuance of said draft has been made or agreed upon by or on behalf of the Releasees, or any of them***."

*Id.* (emphasis added).

18. On August 14, 2020, Mr. Gonzalez (through counsel) sent an email to Morales Fierro Reeves (attorneys for Hertz) and Resnick & Louis, which stated, "[p]lease find attached the Settlement and Release Agreement executed by Mr. Fernandez. To avoid further delay, please ensure the $640,000.00 settlement draft is delivered to my office on or before August 21, 2020."

19. To date, despite numerous demands for the payment of the $640,000.00 as required by the Settlement Agreement, Hertz, ESIS, and Ms. Garcia have refused to make the settlement payment.

20. To date, Mr. Gonzalez remains without compensation for the profound harm and damages he suffered and continues to suffer as a result of the November 13, 2018 incident.

**FIRST CLAIM FOR RELIEF**

(Negligence v. Ms. Garcia)

21. Plaintiff repeats and realleges all the allegations contained in Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. Ms. Garcia owed a duty of care to Plaintiff to operate her vehicle in a safe and reasonable manner, in compliance with all relevant statutory laws.

23. Ms. Garcia breached her duty of care to Plaintiff when, in violation of relevant statutory law, she failed to use due care and negligently caused the incident.

24. As a direct result of the negligent conduct of Ms. Garcia, Plaintiff sustained severe and permanent injuries and suffered and will continue to suffer pain and suffering, loss of earnings, medical expenses, and other general, special and consequential damages, in an amount in excess of $15,000.00.

25. It was necessary for Plaintiff to retain the services of an attorney to file this action. Therefore, Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit from Ms. Garcia.

**SECOND CLAIM FOR RELIEF**

(Negligence *Per Se* v. Ms. Garcia)

26. Plaintiff repeats and realleges all the allegations contained in Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Mr. Gonzalez is informed, and believes, and thereupon alleges that Defendant operated her motor vehicle in a manner which violates State of Nevada, County of Clark, and/or City of Las Vegas statutes, laws, and ordinances, including, but not limited to, failure to use due care in the operation of her vehicle.

28. Mr. Gonzalez is within the class of persons intended to be protected by the statutes, laws, and ordinances of the State of Nevada, County of Clark, and City of Las Vegas, which were violated by Defendant.

29. The injuries suffered by Plaintiff were of the type against which the statutes, laws, and ordinances of the State of Nevada, County of Clark, and City of Las Vegas were intended to protect against.

30. As a direct and proximate result of the negligence of Defendant, Mr. Gonzalez sustained severe bodily trauma, all or some of which may be permanent and disabling in nature, as to his general and compensatory damage, in an amount in excess of $15,000.00.

31. As a direct, and proximate, result of the negligence of Defendant, Mr. Gonzalez has endured pain and suffering, worry, anxiety, emotional distress, loss of enjoyment of life, in an amount in excess of $15,000.00.

32. As a further direct, and proximate, result of the aforesaid negligence of Defendant, Mr. Gonzalez has incurred additional damages, such as lost income, and other incidental damages in a sum to be determined at the time of trial.

33. It has been necessary for Mr. Gonzalez to retain the services of counsel to represent his interests in the above-entitled matter, and that he should be awarded reasonable attorney's fees and costs from Ms. Garcia.

### THIRD CLAIM FOR RELIEF

(Breach of Contract v. ESIS)

34. Plaintiff repeats and realleges all the allegations contained in Paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. The Settlement Agreement is valid and enforceable.

36. All of the obligations of Plaintiff under the Settlement Agreement were performed or excused.

37. Defendants ESIS (a party to the Settlement Agreement) materially breached its obligations under the Settlement Agreement by refusing to pay the settlement amount of $640,000.00 it agreed to pay under the Settlement Agreement.

38. As a direct and proximate result of Defendant ESIS's breach of the Settlement Agreement, Plaintiff sustained actual, consequential, and special damages in excess of $15,000.00.

39. It has been necessary for Mr. Gonzalez to retain the services of counsel to represent his interests in the above-entitled matter, and that he should be awarded reasonable attorney's fees and costs from ESIS.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, jointly and severally, where applicable as follows:

1. For general damages in excess of $15,000.00;

2. For consequential damages in excess of $15,000.00;

3. For reasonable attorneys' fees and costs of suit incurred herein from Ms. Garcia and ESIS; and

4. Such other and further relief as the Court may deem just and proper.

DATED this 19th day of September, 2023.

JESSE SBAIH & ASSOCIATES, LTD.

By  /s/ *Jesse M. Sbaih*
Jesse M. Sbaih (#7898)
Ines Olevic-Saleh (#11431)
The District at Green Valley
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
*Attorneys for Plaintiff*

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Plaintiff Julio Fernandez-Gonzalez, by and through the law firm of Jesse Sbaih & Associates, Ltd., hereby demands a jury trial of all issues in the above-captioned matter.

DATED this 19th day of September, 2023.

                JESSE SBAIH & ASSOCIATES, LTD.

By   /s/ *Jesse M. Sbaih*
       Jesse M. Sbaih (#7898)
       Ines Olevic-Saleh (#11431)
       The District at Green Valley
       170 South Green Valley Parkway, Suite 280
       Henderson, Nevada 89012
           *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

Pursuant to FRCP Rule 5(b), I certify that I am an employee of the law firm of Jesse Sbaih & Associates, Ltd., and that on this 19th day of September, 2023, I caused **SECOND AMENDED COMPLAINT & DEMAND FOR JURY TRIAL** to be served via electronic service to the following:

William C. Reeves, Esq.
MORALES, FIERRO & REEVES
600 S. Tonapah Drive, Suite 300
Las Vegas, NV 89106
*Attorneys for Defendant ESIS, Inc.*

Randall Tindall, Esq.
RESNICK & LOUIS, P.C.
8925 West Russell Road, Suite 220
Las Vegas, NV 89148
rtindall@rlattorneys.com
*Attorneys for Defendant Katherin Valdes-Garcia*

　　　　　　　　　　　　/s/ *Jennifer Moghadam*
　　　　　　　　　　　　An employee of Jesse Sbaih & Associates, Ltd.