UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JULIO FERNANDEZ-GONZALEZ,<br><br>    Plaintiff,<br><br>v.<br><br>KATHERIN VALDES-GARCIA, *et al.*,<br><br>    Defendants. | Case No. 2:20-cv-01775-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 131] |

Pending before the Court is Plaintiff's motion to substitute expert witness. Docket No. 131. Defendant Katherin Valdes-Garcia filed a response and Plaintiff filed a reply. Docket Nos. 133, 135.[1] The motion is properly resolved without a hearing. Local Rule 78-1. For the reasons discussed below, the motion to substitute expert witness is **GRANTED**.

**I.   BACKGROUND**

Plaintiff retained Terrence M. Clauretie, PhD, as an expert. Docket No. 131-2 at 3. On February 24, 2022, Dr. Clauretie wrote an expert report, which estimated Plaintiff's present value of future medical costs to be $219,657. Docket No. 131-2 at 47-53. Discovery closed in this case on April 28, 2022, and trial is set for April 8, 2024. Docket Nos. 72, 124.

On June 3, 2023, Dr. Clauretie died. Docket No. 131-3 at 2. Plaintiff's counsel learned of Dr. Clauretie's death on October 31, 2023. Docket No. 131 at 2. Plaintiff retained a new expert, Eugenia Larmore, PhD, MBA, who wrote an expert report on November 8, 2023. Docket No. 131-4. On November 14, 2023, Plaintiff filed the instant motion to substitute his expert witness. Docket No. 131. Dr. Larmore's expert report estimates Plaintiff's present value of future medical costs to be $254,500. Docket No. 131-4 at 6.

---

[1] Defendant ESIS failed to respond to the motion. *See* Docket. Defendant ESIS has therefore consented to the granting of the motion. Local Rule 7-2(d).

## II.     STANDARDS

"In determining whether to allow a substitute expert, courts have frequently relied on Federal Rule of Civil Procedure 16(b), and treated the request for a substitute expert as a *de facto* attempt to alter the scheduling order and enlarge the discovery period." *United States ex rel. Agate Steel, Inc. v. Jaynes Corp.*, 2015 WL 1546717, at *1 (D. Nev. Apr. 6, 2015) (quoting *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Co.*, 2010 WL 3892860, at *2 (N.D. Ind. Sept. 30, 2010); *see also Fidelity Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 308 F.R.D. 649, 652 (S.D. Cal. 2015). Relief from case management deadlines under Rule 16(b) turns on the "good cause" standard, which "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Id*. "If the party was not diligent, the inquiry should end." *Id*. The party seeking amendment bears the burden of establishing diligence. *See Singer v. Las Vegas Athletic Clubs*, 376 F.Supp. 1062, 1077 (D. Nev. 2019); *see also Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

A motion for relief from expired case management deadlines requires an additional showing of excusable neglect. *See Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017); *see also* Local Rule 26-4. The excusable neglect analysis is guided by factors that include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Branch Banking*, 871 F.3d at 765. The party seeking amendment bears the burden of establishing excusable neglect. *See id*.

In the context of a motion to substitute an expert, courts are mindful that the purpose "is to put the movant in the same position it would have been in but for the need to change experts; it is not an opportunity to designate a better expert." *Agate Steel*, 2015 WL 1546717, at *2. Moreover, to minimize prejudice to the opposing party, courts generally limit the scope of the testimony that

may be given by the substitute expert to opinions that are "substantially similar" to those of the predecessor expert." *Id*.

District courts possess broad discretion to manage the discovery process in the interests of dispatch and fairness. *V5 Techs. V. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019) (quoting *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F.Supp.2d 1040, 1044 (S.D. Iowa 2010)).

**III.   ANALYSIS**

Plaintiff submits that good cause exists to substitute Dr. Clauretie with Dr. Larmore. Docket No. 131 at 3. Specifically, Plaintiff submits that he acted diligently in retaining a new expert witness and report from Dr. Larmore as soon as he learned about Dr. Clauretie's death. *Id*. Plaintiff further submits that Defendants will not be prejudiced by the expert substitution because Dr. Larmore's expert report is substantially similar to Dr. Clauretie's. *Id*. at 3-4. Defendant Valdes-Garcia responds that Plaintiff fails to establish good cause because he waited over five months after Dr. Clauretie's death to file the instant motion. Docket No. 133 at 5. Defendant submits that she will be prejudiced by the expert substitution because Dr. Larmore's expert report estimates Plaintiff's present value of future medical costs to be $254,500 due to rising interest rates. *Id*. Further, Defendant submits that Plaintiff failed to establish excusable neglect as required by Local Rule IA 6-1. *Id*. at 6. In reply, Plaintiff submits that he acted diligently in substituting Dr. Clauretie. Docket No. 135 at 2-3. Plaintiff submits that he is not required to establish excusable neglect because he is not seeking a continuance, extension of time, or shortening time under Local Rule IA 6-1, but in the event the Court determines that Local Rule IA 6-1 applies, Plaintiff submits that excusable neglect exists because Plaintiff acted diligently as soon as he learned of Dr. Clauretie's death. *Id.* at 4.

The Court finds that good cause has been established to warrant altering the scheduling order. Plaintiff did not become aware of Dr. Clauretie's death until October 31, 2023. Docket No. 131-1 at 3. While Defendant argues that Plaintiff did not file the instant motion until five months after Dr. Clauretie's death, the Court finds that Plaintiff acted diligently in learning of Dr. Clauretie's death at a later time. Upon learning of Dr. Clauretie's death, Plaintiff retained a new expert, who wrote a new expert report eight days later. Plaintiff filed the instant motion two weeks

after learning of Dr. Clauretie's death. Docket No. 131-1 at 3 ¶¶ 10-12.  The Court therefore finds that Plaintiff has demonstrated diligence and that good cause exists to reopen the expert disclosure deadline so that he may substitute his expert.

The parties disagree as to whether Plaintiff must establish excusable neglect to reopen the expert disclosure deadline.  As the Court treats the instant motion as a *de facto* attempt to alter the scheduling order and enlarge the discovery period, *Agate Steel*, 2015 WL 1546717, at *1, Local Rule 26-3 governs extensions of case management deadlines.  Since the expert disclosure deadline and discovery period has already expired, Plaintiff must establish excusable neglect.[2]  *See* Local Rule 26-3.

With respect to excusable neglect, the Court is the most mindful of the potential for prejudice to Defendant.  Plaintiff submits that Defendant will not be prejudiced by Dr. Larmore's expert report because it is substantially similar to Dr. Clauretie's report.  Docket No. 131 at 4. The Court agrees.  The Court finds that excusable neglect exists, as Plaintiff could not have made this request before he knew that Dr. Clauretie died.  Plaintiff disclosed a new expert very quickly, that expert's report is substantially similar to Dr. Clauretie's report, and therefore, the Court finds that the risk of prejudice to Defendant is low.

The Court will thus allow Plaintiff to substitute his expert.  *See Collins v. A.B.C. Marine Towing, LLC*, 2016 WL 9412669, at *2 (E.D.La. Jan 11, 2016) ("Courts have held that the death of an expert generally constitutes a substantial justification supporting late disclosure of an expert not in accord with the Scheduling Order").  However, to minimize the potential risk for prejudice, the Court allows Defendant Valdes-Garcia to serve a rebuttal report to Dr. Larmore's report, no later than January 12, 2024.[3]

---

[2] It appears that Plaintiff relies on *Agate Steel*, 2015 WL 1546717, to argue that he did not need to establish excusable neglect for the instant request. Docket No. 135 at 4. However, parties must establish excusable neglect when seeking relief from expired case management deadlines, as is the case here. *See Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 3963612, at *2 (D.Nev. May 9, 2023).

[3] Only Defendant Valdes-Garcia can serve a rebuttal expert report. Defendant ESIS cannot do so.

4

## IV. CONCLUSION

Accordingly, Plaintiff's motion to substitute expert witness is **GRANTED**. Docket No. 131. Defendant Valdes-Garcia may serve a rebuttal expert report no later than January 12, 2024.

IT IS SO ORDERED.

Dated: December 13, 2023

　　　　　　　　　　　　　　　　　　　　　　　　　　　
Nancy J. Koppe
United States Magistrate Judge